# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH M. DeALMEIDA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 17-11013-FDS |
| ) | |
| U.S. GOVERNMENT, et al., ) | |
| ) | |
| Defendant(s). ) | |

## ORDER

**SAYLOR, J.**

On November 21, 2017, this Court issued a memorandum and order granting plaintiff's motion to proceed *in forma pauperis* and directing him to file an amended complaint. The memorandum and order explained that the complaint was subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1), (2). On November 27, 2017, the Court received plaintiff's letter seeking, among other things, to admit evidence.

On December 6, 2017, the memorandum and order was returned to the Court as undeliverable. At that time, the clerk again mailed the memorandum and order to plaintiff after updating his address on CM/ECF by adding his prison identification number and zip code. The deadline for plaintiff to file an amended complaint was extended until January 2, 2018.

On December 28, 2017, again the memorandum and order was returned to the Court as undeliverable. The Court's records indicate that plaintiff has not responded to the memorandum and order and the time to do so expired on January 2, 2018.

Apparently, plaintiff was released from custody and failed to inform the Court of his new address as required under the local rules. *See* District of Massachusetts Local Rule 83.5.2(e)

(requiring *pro se* litigants to notify the clerk of any change of address). Plaintiff failed to meet the deadline for filing an amended complaint and, since that time, has failed to provide a current address.

It is a long-established principle that this Court has the authority to dismiss an action *sua sponte* for a plaintiff's failure to prosecute his action. Fed. R. Civ. P. 41(b). "The authority of a federal trial court to dismiss a plaintiff's action . . . because of his failure to prosecute cannot seriously be doubted," and "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *see Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 46 (1st Cir. 2002) ("Although dismissal ordinarily should be employed only when a plaintiff's misconduct is extreme, . . . disobedience of court orders, in and of itself, constitutes extreme misconduct (and, thus, warrants dismissal)[.]") (internal citation omitted) (citing *Cosme Nieves v. Deshler*, 826 F.2d 1, 2 (1st Cir. 1987)).

Dismissal is appropriate under the circumstances here. The Court is not required to delay disposition in this case until such time as plaintiff decides to provide the Court with his current address. Without plaintiff's active participation, the Court cannot effect the advancement of the case to a resolution on the merits.

Accordingly, for the failure to comply with this Court's directive and for the substantive reasons set forth in the November 21, 2017 memorandum and order, this action is hereby DISMISSED.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Dated: February 26, 2018    United States District Judge